25CA1898 Settle v Valley Grown 07-16-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1898
Mesa County District Court No. 22CV60
Honorable Brian J. Flynn, Judge

---

Edward Jason Settle,

Plaintiff-Appellant,

v.

Valley Grown Nursery, LLC; Katherine Anne Adolf; and Delmar Lee Adolf,

Defendants-Appellees.

---

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE PAWAR
Sullivan and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 16, 2026

---

Edward Jason Settle, Pro Se

Hoskin Farina & Kampf, P.C., David A. Price, Drew Kraniak, Grand Junction, Colorado, for Defendants-Appellees

¶ 1     Plaintiff, Edward Jason Settle, appeals the district court's dismissal of his action against his former employers and defendants Valley Grown Nursery, LLC; Katherine Anne Adolf; and Delmar Lee Adolf.  We affirm.

## I.     Background

¶ 2     The Adolfs hired Settle, their nephew, to work at their plant nursery.  They eventually fired him, and Settle filed this action against defendants based on his termination and various incidents that allegedly occurred while he worked at the nursery.

¶ 3     Initially, the district court dismissed the complaint under C.R.C.P. 4(m) based on the determination that Settle had failed to timely serve the complaint on defendants.  Fourteen days later, the court sua sponte vacated its dismissal, explaining that its division clerk had found a previously overlooked email from a month earlier with return of service documents attached.

¶ 4     Defendants then moved to dismiss the complaint for failure to state a claim under C.R.C.P. 12(b)(5).  Instead of responding to that motion, Settle moved to supplement his complaint under C.R.C.P. 15(d), and then later to amend his complaint under C.R.C.P. 15(a).

1

¶ 5    The district court ultimately rejected both his supplemental pleading and amended complaint and granted defendants' motion to dismiss the original complaint.

¶ 6    Settle appeals.  As we understand it, he argues that the district court erred by (1) vacating the initial dismissal; (2) rejecting his amended complaint and supplemental pleading; (3) dismissing the original complaint; (4) making various factual findings that were unsupported by the record; and (5) failing to rule that defendants were in default.  We conclude that none of these arguments warrant relief.

## II.    Vacating the Initial Dismissal

¶ 7    The district court vacated the initial dismissal under C.R.C.P. 60(a), which allows a court to sua sponte correct clerical mistakes in a judgment arising from oversight or omission.  Settle argues that vacating the dismissal was outside the scope of C.R.C.P. 60(a) because the court's action went beyond the mere correction of a clerical mistake — it was, he argues, a wholesale reversal of the judgment.  According to Settle, because the vacation was unauthorized by the civil rules, the court lacked jurisdiction to do it.

¶ 8     What Settle overlooks, however, is that jurisdiction is not the same as subject matter jurisdiction. *See Wood v. People*, 255 P.3d 1136, 1140 (Colo. 2011). Subject matter jurisdiction is the court's authority to deal with an entire class of cases. *In re Marriage of Stroud*, 631 P.2d 168, 170 (Colo. 1981). A court has subject matter jurisdiction if it "has been empowered to entertain the type of case before it by the sovereign from which the court derives its authority." *Wood*, 255 P.3d at 1140.

¶ 9     In contrast, the general term "jurisdiction" simply means the court's authority to take a particular action; — authority that can come from rule, statute, or case law. *See id.* Thus, a statute or rule that sets limits on the court's authority to act in certain circumstances delineates the court's jurisdiction, but it does not necessarily implicate the court's subject matter jurisdiction. *See id.*

¶ 10    There is no question that the district court had subject matter jurisdiction — it had authority derived from the sovereign that created it to entertain Settle's claims. *See* Colo. Const. art. VI, § 9(1) ("The district courts shall be trial courts of record with general jurisdiction, and shall have original jurisdiction in all civil, probate, and criminal cases," subject to exceptions not applicable

3

here.).  Therefore, we consider Settle's argument that the court acted outside the scope of its authority under the civil rules as an argument that it lacked jurisdiction, not subject matter jurisdiction. *See Stroud*, 631 P.2d at 170-71 (where a statute gave the court authority to revoke or modify an order under certain circumstances, a party's argument that the court modified an order in violation of that statute did not implicate the court's subject matter jurisdiction); *In re Marriage of McKendry*, 735 P.2d 908, 909 (Colo. App. 1986) (holding that the court's amendment of a final judgment in violation of C.R.C.P. 60 "constituted error," not that the court acted without subject matter jurisdiction).

¶ 11    Whereas a lack of subject matter jurisdiction requires reversal, *Olson v. Hillside Cmty. Church SBC*, 124 P.3d 874, 878 (Colo. App. 2005), all other errors in civil cases are reversible only if the complaining party can show prejudice to their substantial rights, *Poudre Valley Rural Elec. Ass'n. v. City of Loveland*, 807 P.2d 547, 557 (Colo. 1991); *accord* C.R.C.P. 61; C.A.R. 35(c).  And Settle cannot show prejudice here.  The district court's vacation of its initial dismissal inured entirely to Settle's benefit — it reinstated his complaint and allowed him to litigate it.

¶ 12    We therefore conclude that even if Settle is correct that the district court vacated the initial dismissal in violation of the civil rules, that alleged error could not have prejudiced him and does not require reversal.

### III.    Motion to Amend the Complaint

¶ 13    Settle next presents various arguments about why the district court should have granted his motion to amend the complaint and accepted his amended complaint.  We will assume for the purpose of our analysis that he did not need the court's permission to amend the complaint and was entitled to do so as a matter of course under C.R.C.P. 15(a).  Even with that assumption in place, we conclude that Settle is not entitled to relief.

¶ 14    The district court ruled that the entirety of Settle's amended complaint was "subject to a motion to strike under C.R.C.P. 12(f)."[1]  This provision empowers a court to sua sponte "order any redundant, immaterial, impertinent, or scandalous matter stricken from" a pleading or motion.  C.R.C.P. 12(f).

---

[1] The court's order explicitly adopted defendants' argument in response to Settle's motion to amend that the entirety of the amended complaint was subject to being stricken under C.R.C.P. 12(f).

¶ 15     Settle's only challenge to the court's C.R.C.P. 12(f) determination is that the rule's "plain language only allows matters to be struck 'from' an amendment" and does not allow striking the entire amendment.  Settle is mistaken: "Under C.R.C.P. 12(f), a court may strike a responsive pleading," not just part of one. *Wagner v. Grange Ins. Ass'n,* 166 P.3d 304, 308 (Colo. App. 2007).

¶ 16     Settle presents no further argument about why the court erred by determining that his entire amended complaint was subject to a motion to strike.  Therefore, we are left with the conclusion that the court's determination was proper.  And because it was proper, all of Settle's challenges to the court's amended complaint rulings fail.

IV.     Motion to Permit Supplemental Pleading

¶ 17     Settle next argues that the district court erred by rejecting his supplemental pleading that purported to assert a defamation claim based on statements made after he filed the original complaint.  We review the court's ruling for an abuse of discretion.  *See Eagle River Mobile Home Park, Ltd v. Dist. Ct.,* 647 P.2d 660, 662 n.4 (Colo. 1982).  A court abuses its discretion if its ruling misapprehends the law or is manifestly arbitrary, unreasonable, or unfair.  *Francis v.*

*Aspen Mountain Condo. Ass'n., Inc.*, 2017 COA 19, ¶ 25. We perceive no abuse of discretion here.

¶ 18 The district court rejected Settle's supplemental pleading in its order dismissing the original complaint and rejecting the amended complaint. Although the court did not explicitly address the supplemental pleading, there is no dispute that the court implicitly rejected it. And our review of the court's order reveals findings, unchallenged on appeal, that support this implicit rejection.

¶ 19 Courts have a liberal policy of allowing supplemental pleadings and should not impose arbitrary restrictions on requests to file them. *Eagle River*, 647 P.2d at 662 n.4. That said, courts can reject supplemental pleadings for reasons such as undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies in previous amendments or supplements, undue prejudice to the opposing party, and futility. *Id.* at 663.

¶ 20 In its order here, the district court found that Settle's filings, taken together, "show[ed] a pattern of conduct designed to abuse the judicial process by driving up the cost to defend this suit without advancing any cognizable legal claim. In doing so, he also has improperly used the [c]ourt's time and resources and that of

[d]efendants to their great prejudice." Put simply, the court found that Settle's filings, presumably including his supplemental pleading, were filed in bad faith with a dilatory motive and had unduly prejudiced defendants. In arguing for relief from the court's supplemental pleading ruling, Settle does not challenge these findings.[2] And because these findings establish a proper and reasonable ground on which to have rejected the supplemental pleading, we must conclude that the district court did not abuse its discretion by doing just that. *See Marin Metro. Dist. v. Landmark Towers Ass'n*, 2014 COA 40, ¶ 32 (perceiving no abuse of discretion because evidence supported the court's final determination).

---

[2] In a separate section of his brief not pertaining to the supplemental pleading ruling, Settle argues that some of these findings were clearly erroneous. But he does not explain how these allegedly erroneous factual findings affected the court's ultimate rulings. Although we liberally construe filings from pro se parties, those parties are ultimately subject to the same rules as represented ones. *Cornelius v. River Ridge Ranch Landowners Ass'n*, 202 P.3d 564, 573 (Colo. 2009). C.A.R. subsections 28(a)(7)(B) and (a)(8) require the appellant to clearly explain what relief is sought based on the alleged errors. It is not our function to (1) speculate about what a party's argument might be or (2) make or develop a party's argument when the party has not done so themselves. *Gravina Siding & Windows Co. v. Gravina*, 2022 COA 50, ¶ 71.

## V.    Dismissal of the Original Complaint

¶ 21    Settle also argues that the court erred by dismissing his original complaint for failure to state a claim under C.R.C.P. 12(b)(5).  Crucially, Settle does not argue that the complaint *did* state a claim for relief.  Instead, he presents a series of collateral arguments that ultimately fail.

¶ 22    First, he argues that whether the original complaint did or did not state a claim was moot because the original complaint was supplanted by his amended complaint.  But as explained above, the court rejected his amended complaint, thereby leaving his original complaint in place as the operative pleading.

¶ 23    Second, he makes a similar argument about the supplemental pleading.  He points out that dismissing the original complaint should not have resulted in the dismissal of the entire action because the supplemental pleading properly asserted a separate claim.  But the district court rejected the supplemental pleading, and we have already ruled against Settle's appellate challenge to that rejection.

¶ 24    Third, Settle argues that he should have been given leave to cure any deficiencies in his original complaint before the district

court dismissed it because those deficiencies were "to the form and not the substance of the claims." Problematically, Settle neither identifies those deficiencies nor explains why they were to form and not substance. We do not address this contention because it is conclusory and unsupported by substantial argument. *See Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 19 (Colo. App. 2010) (declining to review conclusory arguments presented without substantial argument or development).

## VI. Challenges to Various Factual Findings

¶ 25 Settle argues that at least three of the court's factual findings in its order dismissing the original complaint were unsupported by the record. But as mentioned above, he does not say anything about how these allegedly erroneous factual findings affected the court's ultimate rulings on any of his motions or pleadings. Consequently, this argument is also undeveloped, and we will not address it. *See Gravina Siding & Windows Co. v. Gravina*, 2022 COA 50, ¶ 71.

## VII. Defendants Are Not in Default

¶ 26 Settle finally argues that defendants have defaulted by failing to timely respond to his amended complaint. Because the district

court rejected the amended complaint, defendants were not obliged to respond to it.

## VIII. Appellate Attorney Fees

¶ 27 Defendants request their appellate attorney fees under section 13-17-201(1), C.R.S. 2025, which authorizes appellate fees for the successful appellate defense of a C.R.C.P. 12(b) dismissal of claims allegedly "occasioned by the tort" of another. Defendants adequately presented the legal and factual basis for this request in their answer brief. And because defendants have successfully defended the district court's C.R.C.P. 12(b) dismissal of the original complaint, they are entitled to their reasonable appellate attorney fees.

## IX. Disposition

¶ 28 The judgment is affirmed, and the case is remanded to the district court with directions to award defendants their reasonable attorney fees incurred on appeal.

JUDGE SULLIVAN and JUDGE MEIRINK concur.